IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|  | : |  |
| v. | : |  |
|  | : |  |
| MARK T. MANUEL, JR. | : | NO. 09-394 |
|  | : |  |

MEMORANDUM

On August 27, 2012, this Court denied Defendant's August 6, 2012 Pro-Se Emergency Petition for Reconsideration of this Court's July 26, 2012 Order Denying Bail (Doc. No. 37). We provide further explanation for our previous ruling as follows:

I.  Factual Background and Procedural History

On October 26, 2004 Defendant, Mark T. Manuel, Jr. was convicted in the Eastern District of Virginia of (1) conspiracy to defraud and (2) mail fraud. He was sentenced to 71 months incarceration and a three-year term of supervised release, and he was prohibited from self-employment and gaining access to the personal and financial information and monies of others (Doc. No. 3). Defendant's supervised release commenced on December 16, 2008 and we accepted the transfer of jurisdiction on June 15, 2009 (Doc. No. 2). Since that time, this Court has found Defendant in violation of the terms of his release on at least three occasions, resulting in multiple modifications of the terms of Defendant's release and eight (8) months additional incarceration.

On June 11, 2012, this Court issued a warrant for Defendant's arrest, pursuant to the United States Probation Office's Petition for Violation of Supervised Release (Doc. No. 21). This Petition sought revocation of Defendant's supervised release, alleging that, while confined to a halfway house, Defendant committed loan fraud offenses similar to those for which Defendant was convicted in 2004 and which underlie his supervised release.

Pursuant to Federal Rules of Criminal Procedure, Rule 32.1(a), United States Magistrate Judge Timothy R. Rice held a preliminary supervised release revocation and detention hearing on June 15, 2012. At this hearing, Defendant, through appointed counsel, knowingly and voluntarily stipulated to (1) probable cause for his arrest and (2) his detention in advance of a final hearing. Judge Rice entered an Order to this effect on June 18, 2012 (Doc. No. 25).

Defendant subsequently requested three postponements of his final supervised release revocation hearing and permission to proceed *pro se*. This Court granted each of these requests. Additionally, despite having stipulated to his detention, Defendant filed a Pro Se Motion for Bail on July 19, 2012 (Doc. No. 27). This Court denied Defendant's Motion for Bail on July 27, 2012, holding that Defendant failed to establish by clear and convincing evidence that Defendant would not flee or pose a danger to the community. On August 6, 2012, Defendant filed a Petition for Reconsideration of the Order Denying Bail. We denied Defendant's Petition on August 27, 2012 (Doc. No. 37) for the reasons detailed below.

II.     Legal Standard

Federal Rule of Criminal Procedure 32.1 governs the revocation and modification of probation and supervised release. The Rule empowers a magistrate judge to detain or release a person under 18 U.S.C. § 3143(a), pending further proceedings. The Rule further establishes a

presumption in favor of detention, rebuttable only upon a showing of clear and convincing evidence that the defendant is not likely to flee or pose a danger to any other person or the community. Fed.R.Crim.P. 32.1(a)(6). The burden of proof rests with the defendant. Id.

If a magistrate judge orders detention under Section 3143(a), the defendant may file a motion for revocation or amendment of the order with the District Court having original jurisdiction over the offense. 18 U.S.C. § 3145(b). The District Court must review the magistrate's order *de novo* and reach an "independent determination of [the defendant's] eligibility for release on bail." United States v. Delker, 757 F.2d 1390, 1394-1395 (3d Cir.1985).

Rule 7.1(g) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania[1] further permits a party whose motion is denied to file a motion for reconsideration. The purpose of such motion:

> is to correct manifest errors of law or fact or to present newly discovered evidence . . . Courts will reconsider an issue only when there has been an intervening change in the controlling law, when new evidence has become available, or when there is a need to correct a clear error or prevent manifest injustice. Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration.

Burger King Corp. v. New England Hood and Duct Cleaning Co., 2000 U.S. Dist. LEXIS 1022, at *4–5, 2000 WL 133756. (E.D.Pa. Feb. 4, 2000) (internal quotations omitted). The party seeking reconsideration bears the burden of proof. Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).

---

[1] Rule 7.1(g) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania applies to criminal matters *via* Rule 1.2 of the Rules of Criminal Procedure for the United States District Court for the Eastern District of Pennsylvania.

III.     Conclusions

Magistrate Judge Rice properly ordered Defendant's detention. Pursuant to Rule 32.1(a), Judge Rice held a preliminary hearing on June 15, 2012. At this hearing, Defendant failed to meet his burden of proof under 18 U.S.C. § 3143(a), to establish by clear and convincing evidence, that he would not flee or pose a danger to the community should the Court release him on bail. Not only did Defendant fail to produce any evidence in support of his release, but he also stipulated to probable cause for his arrest and to his detention. In accordance with 18 U.S.C. § 3143(a), Judge Rice ordered Manuel's detention pending a final hearing.

This Court properly denied Defendant's Pro Se Motion for Bail on July 27, 2012. Consistent with18 U.S.C. § 3145(b), we reviewed Defendant's Motion *de novo* and reached an independent determination that Defendant should not be released under Section 3143(a).

In denying Defendant's Pro Se Motion for Bail we found significant that, this Court has granted Defendant numerous opportunities to live in the community on supervised release, and that each time, Defendant had extreme difficulty complying with the Court's directives, all of which were intended to assist him in his transition to a law-abiding citizen. Defendant's consistent pattern of conduct contrary to the conditions of his supervised release, including his alleged engagement in insurance fraud from his halfway house, convinces this Court that Manuel poses a danger to the community. Additionally, following Manuel's repeated prior failures on supervised release, we view Defendant as a flight risk as a result of the potential consequences of an adverse finding on the petition pending before this Court.  Against the weight of these findings, Defendant's assertions of good faith and promises of good conduct find no support in

the record and fail to establish by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community.

On August 27, 2012, this Court denied Defendant's Petition for Reconsideration of the Order Denying Bail. Defendant's Motion for Reconsideration fails to present any valid ground for reconsideration under Rule 7.1(g) and merely suggests Defendant's dissatisfaction with the Court's July 27, 2012 ruling. <u>Burger King Corp.</u> 2000 U.S. Dist. LEXIS at *4–5. Defendant has not demonstrated that this Court's July 27, 2012 ruling was the result of clear error or the source of manifest injustice. <u>Id</u>. Additionally, defendant has not demonstrated that, since July 27, 2012, there has been an intervening change in the controlling law or that new evidence regarding defendant's suitability for release become available. <u>Id</u>.  For these reasons, Defendant's Motion for Reconsideration (Doc. No. 32) was DENIED.

                                                BY THE COURT:

                                                /s/ Legrome D. Davis

                                                Legrome D. Davis, J.